### FARMER *v.* THE STATE.

When in the trial of a person indicted for murder there is evidence from which the jury could find that the homicide resulted from a blow inflicted by an instrument the use of which would not ordinarily produce death, and which was hastily seized and without sufficient provocation hurled by the accused, it was error requiring the granting of a new trial for the judge to fail to charge the law relating to the subject of involuntary manslaughter in the commission of an unlawful act.

Submitted October 17, — Decided October 30, 1900.

Indictment for murder.   Before Judge Smith.   Irwin superior court.   July 25, 1900.

*C. W. Fulwood, E. Wall,* and *W. A. Hawkins,* for plaintiff in error.   *J. M. Terrell, attorney-general,* and *J. F. DeLacy, solicitor-general,* contra.

COBB, J.   Farmer was placed upon trial, charged with the offense of murder, and was convicted. The case is here upon a bill of exceptions assigning error upon the refusal of the judge to grant a motion for a new trial, which complained that the judge ex-

cluded from the consideration of the jury the law of any lower grade of homicide than that of .murder. It appears from the evidence that the deceased was killed by a blow upon the head, inflicted by a bottle hastily seized and thrown by the accused, who was at the time standing a distance of from six to eight feet from the deceased. The only evidence as to the character of the bottle was that it was "a thick, dark-colored beer bottle," which was broken when it struck the head of the deceased. There was evidence from which the jury could have found that the accused, without any provocation whatever, threw.the bottle at the deceased. The theory of the defense, as it appeared from the prisoner's statement, was that the accused acted under the fears of a reasonable man that his life was in danger. The judge charged the jury, in effect, that the accused should be either convicted of murder or acquitted. We think the judge erred in failing to charge the law relating to involuntary manslaughter in the commission of an unlawful act. Death having resulted from a blow inflicted by an instrument which is not shown by the evidence to be a weapon likely to produce death and one which the court would not be authorized to say as matter of law was such a weapon, the law does not presume an intention to kill from its use. There being evidence from which the jury could have found that the accused did not intend to kill the deceased when he threw the bottle, the jury would have been authorized to find that the offense committed was involuntary manslaughter in the commission of an unlawful act. See in this connection *Taylor* v. *State*, 108 *Ga.* 385 (3). If the question had been properly submitted to the jury and they had found that the bottle was in fact a weapon which when hurled at another naturally tended to destroy his life, a verdict finding the accused guilty of murder would probably not have been unwarranted; but certainly it was error to exclude from their consideration the law relating to the lower grade of homicide.

*Judgment reversed. All the Justices concurring, except Lumpkin, P..J., and Little, J., absent.*