## JOINER v. THE STATE.

129    295
130    354
130    867

BECK, J. 1. When in the trial of a person indicted for murder there is evidence from which the jury can find that the homicide resulted from a blow inflicted by the accused with an instrument which would not ordinarily produce death, and with which the accused, having hastily seized and picked up the same, without sufficient provocation, struck and killed the deceased, it is error requiring the granting of a new trial for the judge to fail to charge the law relating to the subject of involuntary manslaughter in the commission of an unlawful act. *Farmer* v. *State*, 112 *Ga.* 80 (37 S. E. 120); *Jordan* v. *State*, 124 *Ga.* 780 (53 S. E. 331); *Dorsey* v. *State*, 126 *Ga.* 633 (55 S. E. 479).

2. Under the evidence as it appears in the record, a charge upon the subject of voluntary manslaughter should not have been given; but inasmuch as the jury did not convict the defendant of that grade of homicide, but returned a verdict finding him guilty of the offense of murder, the error of the court in charging the jury upon the subject of voluntary manslaughter was necessarily harmless to the accused, and constitutes no ground for a reversal of the judgment of the court below. *Joiner* v. *State*, 105 *Ga.* 646 (31 S. E. 556).

3. It was not error requiring the granting of a new trial for the court to fail to instruct the jury "as to their duty to reconcile the evidence, if in their power to do so, and the rule of law applicable to the recon-

ciling of evidence, and to their power as to believing the witnesses or disbelieving them in cases where the evidence was irreconcilable," no written request having been made for a charge upon that subject, and it appearing that the judge charged the jury that they were "the sole and exclusive judges of the evidence in the case."

4. No material error, other than that dealt with in the first headnote, is made to appear in any of the grounds of the motion for a new trial.

*Judgment reversed.  All the Justices concur.*

Argued May 20,—Decided August 15, 1907.

Indictment for murder.  Before Judge Martin.  Dodge superior court.  April 16, 1907.

*D. M. Roberts & Son, C. W. Griffin,* and *W. M. Morrison,* for plaintiff in error.  *John C. Hart, attorney-general,* and *E. D. Graham, solicitor-general,* contra.