## MACK *v.* THE STATE.

BECK, P. J. 1. The accused, who was tried under an indictment charging her with murder, and who was convicted of the crime charged, a few minutes after the deceased was stabbed came running down a road which is described in the evidence, and stopped in front of an automobile in which were two men, and almost immediately afterwards the deceased "came running up towards the car and fell down." One of the occupants of the car went to him and asked him what was the trouble. He was then in a dying condition. The dying man replied, "That woman stabbed me." There was no woman there but the accused. The woman was standing a short distance away; but the witness who testified to the declaration also testified that the woman could not hear him. Objection was made to the admission of the declaration in evidence, on the ground that it would be inadmissible unless made in the presence of the defendant. The court admitted the evidence, holding that the declaration was admissible as a part of the res gestæ. In the motion for a new trial error is assigned upon the ruling of the court admitting this evidence, on the ground that it was hearsay, as it was not made in the presence of the defendant, and that it was not admissible as a part of the res gestæ. *Held*, that the court did not err in holding that the evidence of the declaration of the deceased, made under the circumstances, was admissible as a part of the res gestæ.

2. The court having admitted the declaration as a part of the res gestæ, the accused was not injured by the court's submitting to the jury the question as to whether the exclamation was a part of the res gestæ.

3. The court did not err in admitting the stenographic record of the evidence adduced before the coroner on the inquest, and the evidence of a witness showing that it was a correct report of the evidence, over the objection that "it was not in rebuttal to anything offered by the defendant." There was no abuse of the court's discretion in admitting this evidence.

4. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

*W. H. Bedgood,* for plaintiff in error.

*George M. Napier,* attorney-general, *Walter C. Hartridge,* solicitor-general, and *T. R. Gress,* assistant attorney-general, contra.

---

Criminal Law, 16 C. J. p. 576, n. 77; p. 577, n. 85; p. 579, n. 94; 17 C. J. p. 338, n. 51.

Homicide, 30 C. J. p. 203, n. 73, 75; p. 213, n. 55; p. 214, n. 56; p. 282, n. 82; p. 310, n. 25.