## ARMSTRONG *v.* THE STATE.

No. 10846. DECEMBER 13, 1935.

*T. H. Lang* and *C. H. Dalton,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John C. Mitchell, solicitor-general, B. D. Murphy,* and *J. T. Goree, contra.*

BECK, Presiding Justice. Sammie Armstrong was indicted for the murder of Harman O'Donald. The jury found him guilty, without a recommendation. He made a motion for new trial, which was overruled, and he excepted. The original motion for new trial in this case contains the general grounds. The defendant filed an amendment to his motion, and the references hereinafter are to those grounds as numbered in the amendment.

In the fourth ground error is assigned upon the admission of the following testimony: "Some one hollered out in front of my house . . and I went to the front, and G. M. Miles stood out there, and he says, 'Herman O'Donnell [O'Donald] is shot.' . . I says, 'Did you shoot him?' and he says, 'No, sir. Sammie Armstrong shot him, and he tried to shoot me.'" The judge stated, in a note to this ground, that "the court ruled out saying that 'Sammie Armstrong shot him.'" With that part of the ground stricken out, there is nothing in this evidence that is hurtful to the defendant. With the name of Sammie Armstrong stricken from the evidence, there is nothing to show who it was that tried to shoot Miles.

The fifth ground is as follows: "Because, during the progress of the trial and within the hearing of the jury, the trial judge did intimate and express an opinion that the defendant on trial was a party to the killing for which he was on trial; for that while the witness Oscar Lowe, while testifying on behalf of the State, on the witness-stand, the following took place: 'Q. What condition did you find Henson in? A. Very bad shape. Q. Had he been shot? A. Yes sir. Q. Where was he shot? A. On the back side of the head. Q. What was the condition of his face?' The following objection was then urged by Mr. Mann, of counsel for movant: 'Of course, they have not connected the case up; we prefer that they connect them up; they are trying him [movant] for the murder of Herman O'Donnell, and certainly any evidence of the condition of anybody else would not have any bearing on this case, until they connect it.' The trial judge then announced, in the hearing of the jury: 'I overrule you on that, toward connecting them up, if it was done at the same time and place, and this defendant was a party to it.'" There was no error in the ruling com-

plained of. The objection urged is based on the ground that they were trying the defendant for the murder of one person, and that the evidence of the condition of any one else would not have any bearing on this case until they connected it up; and the judge ruled: "I overrule you on that, toward connecting them up; if it was done at the same time and place, and this defendant was a party to it." This remark was not addressed to the jury, but was made to counsel in reply to his argument, and it was not an improper remark for the judge to make; especially as the judge stated, "if it was done at the same time and place." The word "if" made the ruling entirely conditional. And besides this, if the remark of the judge in answer to counsel was made in the hearing of the jurors and was prejudicial to the defendant, counsel should either have moved to declare a mistrial or for postponement of the case that other jurors might be empaneled to try the defendant. In *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184), it was held: "Where remarks are made by the trial judge to counsel in a criminal case in the hearing of the jurors, which counsel contend were of such a character as to prejudice the minds of the jurors hearing them against the cause of their client, they should either move for a postponement of the hearing in order that other jurors may be empaneled than those present when the remark is made, or, if the jurors have actually been selected and empaneled to try the particular case, a motion should be made to have a mistrial declared; and upon the judge's refusal to grant a motion of the character indicated, his ruling would be subject to review. Counsel, having failed to make such a motion and having proceeded without objection with the trial, can not, after conviction, raise the question as to the prejudicial nature of the remarks complained of, in a motion for a new trial." See also *Moore* v. *McAfee,* 151 *Ga.* 270 (106 S. E. 274); *Barnett* v. *Strain,* 151 *Ga.* 553 (107 S. E. 530).

■ In the seventh ground exception is taken to the failure of the court "to charge the jury, on trial of movant's case, the law of manslaughter in his charge to the jury trying said case, as embodied in section 64 of the Penal Code of Georgia (Park's, 1914)." This assignment of error raises no question for decision by this court. It is not even stated whether the court should have charged the law of voluntary or involuntary manslaughter. "A complaint, in a motion for new trial, of a failure of the court to charge the

jury in reference to manslaughter can not be ruled on. A valid assignment of error must be complete in itself; and it is essential that such ground of the motion indicate the degree of manslaughter, whether voluntary or involuntary." *Smith* v. *State,* 125 *Ga.* 300 (54 S. E. 124) ; *Williams* v. *State,* 176 *Ga.* 372 (168 S. E. 5).

The rulings given in headnotes 4, 5, and 6 require no elaboration. *Judgment affirmed. All the Justices concur.*