*C. E. Dunbar, H. T. Chance Jr.,* and *Roy V. Harris,* for plaintiff.

*William K. Miller* and *W. Inman Curry,* for defendants.

## HARRIS *v.* THE STATE.

No. 11378. DECEMBER 4, 1936.

*Max Rubenstein,* for plaintiff in error.

*M. J. Yeomans, attorney-general, George Hains, solicitor-general, B. D. Murphy,* and *E. J. Clower,* contra.

PER CURIAM. ■ The defendant, who was convicted of murder, without recommendation, alleged in his motion for a new

trial that the court erred in failing to charge the entire section of the Code defining the penalty for murder, and otherwise failing to charge the jury "properly . . with reference to their right in determining whether or not they would recommend the defendant to mercy." It appearing from the record that the judge charged the jury that "persons convicted of murder" are punished by death unless the jury recommend that they be confined to the penitentiary for life, and also instructed them as to forms of verdicts, to the effect that "We, the jury, find the defendant guilty" would mean punishment by death, and that "We, the jury, find the defendant guilty and recommend that he be punished by confinement in the penitentiary for life," would mean that "such would be his punishment,"—the failure of the court, without request, to charge the jury more fully as to their right of recommendation was not cause for a new trial. *Morrow* v. *State,* 168 *Ga.* 575 (6) (148 S. E. 500); *Meyers* v. *State,* 169 *Ga.* 468 (4) (151 S. E. 34); *Caison* v. *State,* 171 *Ga.* 1 (2) (154 S. E. 337); *Key* v. *State,* 177 *Ga.* 329 (8) (170 S. E. 230).

■ The movant assigned error upon the failure of the court, without request, to give in charge section 26-1006 of the Code, as follows: "Manslaughter is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary, upon a sudden heat of passion, or involuntary, in the commission of an unlawful act, or a lawful act without due caution and circumspection." It appears from the record that, in the absence of a request, the judge sufficiently charged the law in regard to voluntary manslaughter. Furthermore, this ground of the motion is incomplete in that it fails to show that voluntary manslaughter or either grade of involuntary manslaughter was involved under the evidence, so as to render a charge upon any of these offenses applicable and proper. *Sheppard* v. *State,* 167 *Ga.* 326 (4) (145 S. E. 654); *Williams* v. *State,* 176 *Ga.* 372 (168 S. E. 5); *Armstrong* v. *State,* 181 *Ga.* 538 (3) (183 S. E. 67); *Beavers* v. *State,* 33 *Ga. App.* 370 (2) (126 S. E. 305).

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except*
Russell, Chief Justice, dissenting. In my opinion the judge

erred in confining his instructions to voluntary manslaughter, and thereby excluding all reference to involuntary, and such error demands a new trial. In this statement I do not make any reference at all to the statement of the accused upon the trial, which he is permitted to make, and upon which the court is not required to charge, in the absence of an appropriate and timely written request, any further than to inform the jury that the defendant has the right to make such statement in his own behalf as he sees proper without being subject to cross-examination, and the jury may if they see fit believe his statement in preference to the sworn testimony. Code, § 38-415. The plaintiff in error makes no complaint that the jury was not properly instructed upon this point. The exception alleges that the court erred in restricting the instruction on the subject of manslaughter to voluntary manslaughter, and in failing to charge on the law of involuntary manslaughter in the commission of an unlawful act, and involuntary manslaughter in the commission of a lawful act without due caution and circumspection. The evidence for the State shows that the wound inflicted upon the deceased was caused by an ordinary pocket-knife which the defendant in the midst of a sudden quarrel with the deceased hastily drew from his pocket. In cases of stabbing it is declared in the Code, § 26-1701: "Any person who shall stab another, except in his own defense or other circumstances of justification, with a sword, dirk, or knife, or other instrument of the like kind, shall be punished as for a misdemeanor; provided, that if such stabbing shall produce death, the offender shall be guilty of murder or manslaughter, according to the facts and circumstances of the case; or if such stabbing shall not produce death, and the facts and circumstances show that it was the intention of the person stabbing to commit murder, the offender shall be guilty of an assault with intent to murder." No witness swore that the knife was a· weapon the use of which might produce death. The knife was not produced on the trial. According to the testimony of one of the State's witnesses, it was at one time in the possession of the officers of the law, having been taken from the possession of the deceased, who pulled the knife out of the cut in his head, except three quarters of an inch of the blade which was· taken from the head by a surgeon at the hospital to which the deceased was carried. Either the point of the knife or

the remainder of the knife which was taken from the wound by the deceased himself would have thrown some light upon the question whether the weapon was one the use of which in its consequences would naturally cause death. The previous authorities, so far as I am aware, have uniformly held that when there is no proof that the weapon used in causing the homicide was such that its use in the manner shown would imply malice and subject the accused to a conviction for murder, a charge on involuntary manslaughter should be given. See *Ray* v. *State,* 15 *Ga.* 223 (5, 6); *Henry* v. *State,* 33 *Ga.* 441, 449; *Jordan* v. *State,* 124 *Ga.* 780 (53 S. E. 331); *Dorsey* v. *State,* 126 *Ga.* 633 (55 S. E. 479); *Farmer* v. *State,* 112 *Ga.* 80 (37 S. E. 120); *Joiner* v. *Stale,* 129 *Ga.* 295 (58 S. E. 859); *Kelly* v. *State,* 145 *Ga.* 210, 213 (88 S. E. 822); *Anderson* v. *Slate,* 130 *Ga.* 364 (60 S. E. 863); *Taylor* v. *State,* 108 *Ga.* 384 (34 S. E. 2). For the above reason I can not agree with the opinion of the majority denying a new trial.