WORTHY *v*. THE STATE.

No. 13818.   JULY 9, 1941.   REHEARING DENIED JULY 19, 1941.

*Paul H. Field,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. H. Paschall, solicitor-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

DUCKWORTH, Justice. ▮ The State's evidence proved every element of the crime charged in the indictment. The defendant offered no witnesses, and relied on his own statement, in which he admitted the killing and claimed justification because he feared the deceased, and did not intend to kill him. The verdict of guilty is supported by the evidence, and the general grounds of the motion for new trial are without merit.

▮ Special grounds 1 and 2 complain of the court's overruling motions by defendant's counsel to exclude testimony of State's witnesses, who were present at the place of the crime, that the deceased said, "What did you cut me for?" and that, after walking a distance of from the witness-stand to the court-room window, the deceased turned and walked back and said, "What did he cut me for?" The ground of objection to this testimony was that the statements of the deceased were neither dying declarations nor a part of the res gestæ, and were prejudicial to the defendant. It is declared in the Code, § 38-305, that "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestæ." Under this rule the nearness of a declaration to the act in point of time is limited to the extent only that it must be "free from all suspicion of device or afterthought." The first statement complained of was evidently made instantly after the act, and was addressed to the defendant. The last statement must have been made within about a minute after the act. In neither case is there ground for suspicion of device or afterthought. Tested by a long chain of decisions of this court, both statements were parts of the res gestæ and constituted legal evidence. *Mitchum* v. *State,* 11 *Ga.* 615 (4, 5); *Dumas* v. *State,* 65 *Ga.* 471 (2); *Stevenson* v. *State,* 69 *Ga.* 68 (2); *Thornton* v. *State,* 107 *Ga.* 683 (33 S. E. 673); *Cason* v. *State,* 134 *Ga.* 786 (5) (68 S. E. 554); *Mack* v. *State,* 164 *Ga.* 250 (138 S. E. 153); *O'Neal* v. *State,* 172 *Ga.* 526 (158 S. E. 51); *Luke* v. *State,* 184 *Ga.* 551 (2) (192 S. E. 37). These grounds are without merit.

▮ The remaining ground complains because "the court failed

to charge the law of Georgia on manslaughter, and under the evidence in the case a charge of manslaughter was demanded, and the court erred in failure to charge the statute of the State of Georgia covering manslaughter." In *Troup* v. *State,* 150 *Ga.* 633 (104 S. E. 421), it was said: "An exception to the charge of the court, on the ground that the presiding judge 'should have charged the jury the full law in reference to the different grades of manslaughter' (the defendant contending that the law of manslaughter was involved), is not a sufficient assignment of error, because of the failure to indicate whether it is contended that the charge should have been upon the subject of voluntary manslaughter or involuntary manslaughter; and if the latter, what branch of involuntary manslaughter. *Knight* v. *State,* 148 *Ga.* 41 (95 S. E. 679)." To the same effect see *Johnson* v. *State,* 146 *Ga.* 190 (5) (91 S. E. 42); *Armstrong* v. *State,* 181 *Ga.* 538 (3) (183 S. E. 67); *Miles* v. *State,* 182 *Ga.* 75 (4) (185 S. E. 286); *Harris* v. *State,* 183 *Ga.* 574 (2) (188 S. E. 883). Under the cases cited this ground is insufficient and presents no question for decision. But if the assignment be sufficient to present a question for decision, the complaint is without merit, for the reason that no evidence authorized or required a charge on any branch of manslaughter. If such a charge was authorized at all, it was by virtue of the defendant's statement; and in such a case the court is required to give such charge only when properly requested by the defendant. *Felder* v. *State,* 149 *Ga.* 538 (101 S. E. 179); *Jenkins* v. *State,* 153 *Ga.* 305 (111 S. E. 915); *Carter* v. *State,* 171 *Ga.* 406 (155 S. E. 670); *Davis* v. *State,* 178 *Ga.* 203 (172 S. E. 559); *Turner* v. *State,* 190 *Ga.* 316 (9 S. E. 2d, 270); *Massey* v. *State,* 191 *Ga.* 44 (11 S. E. 2d, 186). This ground is without merit.

*Judgment affirmed. All the Justices concur.*