IRWIN *v.* THE STATE.

No. 14248.   OCTOBER 13, 1942.

*Hallie B. Bell, Roy B. Rhodenhiser Jr.,* and *Edward F. Taylor,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Charles H. Garrett, solicitor-general,* and *Emil J. Clower, assistant attorney-general,* contra.

692

JENKINS, Justice.   (After stating the facts as above.)   ■   The verdict of guilty of murder was authorized by the evidence.

■   Where the State, in seeking to show robbery as the motive of a homicide, relies on proof as to the practice of the deceased to carry large sums of money on his person, additional proof of knowledge by the defendant as to this practice is necessary; but such evidence need not be direct, and may be circumstantial by showing an opportunity by the defendant to know of the practice, provided that the practice as thus shown be not too remote in time or place to be relevant to the proved opportunity and the question of motive. *Marable* v. *State,* 89 *Ga.* 425, 426 (15 S. E. 453) ; *Thompson* v. *State,* 166 *Ga.* 758 (12), 778 (144 S. E. 301) ; *Westberry* v. *State,* 175 *Ga.* 115 (4) (164 S. E. 905) ; *Sasser* v. *State,* 129 *Ga.* 541 (4, 5), 547 (59 S. E. 255) ; *Black* v. *State,* 187 *Ga.* 136, 138 (199 S. E. 810), and cit.; People *v.* Thompson, 212 N. Y. 249 (106 N. E. 78, 80, L. R. A. 1915D, 236, Ann. Cas. 1915D, 162) ; State *v.* Kelly, 77 Conn. 266 (58 Atl. 705).

(a)   Even if the testimony as to the habitual carrying by the deceased of large sums of money on his person at a time five years before the homicide and when the defendant apparently was unaware of such practice, since he was not then a resident of the State, was irrelevant, still there is no merit in the exception to the admission of this testimony, since similar evidence was elicited by counsel for the defendant on cross-examination of the same witness, and on the State's examination of another witness without objec-

tion. *Walthour* v. *State,* 191 *Ga.* 613 (1, *b*), 615 (13 S. E. 2d, 659); *Moore* v. *State,* 193 *Ga.* 877 (2, *a*) (20 S. E. 2d, 403); *Fluker* v. *State,* 184 *Ga.* 809 (4), 810 (193 S. E. 749), and cit.; *Wheeler* v. *State,* 179 *Ga.* 287, 288 (175 S. E. 540), and cit.; *Whitley* v. *State,* 188 *Ga.* 177 (3) (3 S. E. 2d, 588); *Cox* v. *State,* 64 *Ga.* 374 (9) (37 Am. R. 76). Especially is this true, where the court admitted the testimony subject to "a motion to rule it out unless the State connects it up," and where the record shows no such motion. *Black* v. *State,* supra, and cit.; *Moore* v. *State,* supra.

■ Like objections were made to similar testimony en bloc by another witness as to such a continuous practice during a period of fifteen years before the homicide, but including an occasion only a few weeks previously and a time when the defendant lived in the same house where the deceased then resided. Even though a portion of this testimony might have been irrelevant and inadmissible, since it appears from the evidence that during most of the fifteen-year period the defendant apparently could not have been aware of the practice because of residence in another State, yet there is no merit in the exception to the overruling of objections to the testimony on the grounds stated, since the objections were made to the entire testimony, and part of it was relevant and admissible under the rule above stated. *Knight* v. *State,* 143 *Ga.* 678 (6), 683 (85 S. E. 915); *Macon, Dublin & Savannah R. Co.* v. *Anchors,* 140 *Ga.* 531, 536 (79 S. E. 153); *Robertson* v. *Cox,* 183 *Ga.* 744 (4) (189 S. E. 844). Moreover, as to this testimony, counsel for the defendant brought out, on cross-examination of the same witness, almost the same testimony.

■ In a criminal case the general charge to the jury should be so shaped as to present the theories that are involved under the evidence. Accordingly, where there is no evidence involving manslaughter, the fact that such a species of homicide may be involved under the defendant's statement to the jury would not necessitate a charge on that subject, in the absence of a request therefor, provided the judge calls the attention of the jury to the statement and charges the law in regard thereto. *Taylor* v. *State,* 131 *Ga.* 765 (63 S. E. 296); *Worthy* v. *State,* 192 *Ga.* 620, 623 (15 S. E. 2d, 854), and cit.; *Shafer* v. *State,* 191 *Ga.* 722 (3) (13 S. E. 2d, 798). Whether or not the rule requiring a charge on the law of manslaughter if it is involved under the evidence would have ap-

plication, where, as here, some of the State's evidence consisted of admissions of the homicide by the defendant, coupled with exculpatory statements in justification, need not be decided, since under all the evidence, including the proof as to such admissions and statements, the defendant was either justified as he contended, or else was guilty of murder, as the court properly submitted to the jury; and the court did not err in failing to charge the law of voluntary manslaughter. *Gale* v. *State,* 135 *Ga.* 351 (4), 356 (69 S. E. 537); *Coleman* v. *State,* 121 *Ga.* 594 (9), 601 (49 S. E. 716); *Crawford* v. *State,* 125 *Ga.* 793 (2), 796 (54 S. E. 695); *Brown* v. *State,* 144 *Ga.* 216, 218 (87 S. E. 4); *Greer* v. *State,* 124 *Ga.* 688 (52 S. E. 884); *Morgan* v. *State,* 108 *Ga.* 748 (32 S. E. 854); *James* v. *State,* 123 *Ga.* 548 (51 S. E. 577); *Miller* v. *State,* 176 *Ga.* 825 (2), 829, 830 (169 S. E. 33).; 4 Warren on Homicide, 444, 447, § 346, and cit.

*Judgment affirmed. All the Justices concur, except Hewlett, J., not participating.*