31562. HARRIS *v.* THE STATE.

GARDNER, J. 1. The evidence is sufficient to sustain the verdict of voluntary manslaughter. We deem it would be of little benefit to analyze and discuss the evidence.

2. Special ground 1 assigns error because the court failed to charge involuntary manslaughter in both of its phases. It is contended particularly that the higher grade should have been charged by the court, if not the lower grade, under the evidence. The evidence shows that the defendant cut the deceased on the neck with a knife, and while the defendant was to the rear of the deceased. The deceased ran a

short distance and was found dead the next morning. The homicide occurred around two o'clock in the morning. It is generally accepted throughout the jurisdiction of this country, so far as we have been able to discern, that a deadly weapon, in the absence of statutory provisions, is a weapon which is likely to produce death or do great bodily harm from the use made of it at the time and occasion under consideration. See *Randolph* v. *State*, post, 253. Under the evidence in this case, the court did not err in failing to submit to the jury the principles of involuntary manslaughter. Counsel for the defendant rely on the cases of *Farmer* v. *State*, 112 *Ga.* 80 (37 S. E. 120); *Chapman* v. *State*, 120 *Ga.* 855 (48 S. E. 350); *Dorsey* v. *State*, 126 *Ga.* 633 (55 S. E. 479); *Kelly* v. *State*, 145 *Ga.* 210 (3) (88 S. E. 822). Upon an examination of these cases we find that the weapons used therein were not those generally accepted as deadly ones. The use of a knife by cutting one on such a vital portion of the body as the neck, and inflicting a wound from which he died a short time thereafter, places the knife so used in the same category as a pistol or gun or other deadly weapon which is used in its ordinary and usual manner to kill.

3. Special ground 2 assigns error because the court refused to allow the defendant to prove the character of the deceased for violence and that the deceased was a man of bad character for violence. The court, when questions were propounded to the witness offered by the accused to prove such character of the deceased, of its own motion refused to permit the witness to answer the question. This ruling of the court was based on the principle of law that there was no evidence in the case to the effect that the deceased was the aggressor. We have very carefully examined the evidence and we find that the only person who appeared on the stand and who produced any statement to the effect that the deceased at the time of the homicide was the aggressor, was the defendant in his statement. Indeed, the jury were authorized, under the evidence, to find that the defendant, as we have above stated, inflicted the mortal wound on the deceased while the deceased was fleeing. The court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED MAY 22, 1947.

*D. B. Phillips, W. L. Nix,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.