A90A0981. CARR v. THE STATE.
(396 SE2d 76)

McMURRAY, Presiding Judge.

Defendant Carr appeals his conviction of the offense of possession of a firearm by a convicted felon. The sole enumeration of error raises the sufficiency of the evidence. *Held*:

On October 21, 1989, at approximately 10:45 p.m., two rangers employed by the Georgia Department of Natural Resources were parked in a field in Terrell County near the intersection of Highway 55 and County Road 3. They observed a vehicle turn onto the county road and repeatedly turn into a pecan grove so as to shine its headlights into the grove. After the third time the vehicle turned into the grove, the driver and passenger were observed changing positions. Recognizing the pattern of conduct as similar to that used by night hunters for deer, the rangers turned on their blue light and proceeded to stop the vehicle. At the time of the stop, defendant was the passenger and the vehicle was driven by his fiancee, whom he had married by the time of trial. Upon stopping the vehicle, the rangers found a loaded .22 Magnum rifle on the front passenger's seat and ten .22 Magnum "shells" on the passenger side floorboard. One of the rangers testified that .22 Magnum rifles were popular with nighttime deer hunters since they were powerful enough to kill deer, yet did not make much noise.

Defendant presented evidence that the automobile was one which had been loaned by a garage to his brother, that the rifle belonged to his brother, that the brother and a friend had been target shooting that afternoon and had returned after dark, that the brother had left the rifle in the back seat of the car, and that the presence of the rifle

in the back seat was unknown to him when he invited his fiancee to go for a ride with him. Defendant's fiancee testified that she was asleep when defendant awakened her and asked her if she wanted to go for a ride, that she got in the car and went back to sleep until defendant awakened her to show her the deer with the lights of the car, and that defendant asked her if she wanted to drive so they swapped positions. The fiancee testified that she never saw the rifle, even after they were stopped. Defendant testified that when he and his fiancee went out for a ride he did not know about the "gun" in the car, that the inside light in the car did not work, that when he looked back at the ranger's blue light he saw the "gun" in the back seat for the first time, and that when he saw the "gun" he picked the "gun" up and tried to hide it "because I didn't want to get caught with it."

There is no merit in defendant's contention that the evidence does not establish the requisite mens rea or criminal intent. " 'Criminal intent does not mean an intention to violate the law or to violate a penal statute, but means simply to intend to commit the act which is prohibited by a statute.' See *Daniel v. State*, 179 Ga. App. 54 (1) (345 SE2d 143) (1986); *Kennedy v. State*, 46 Ga. App. 42 (1) (166 SE 442) (1932)." *Pope v. State*, 179 Ga. App. 739, 744 (4) (347 SE2d 703). Defendant's own testimony shows that he assumed possession of the rifle and the jury was authorized to find that the circumstances did not justify defendant's conduct. As evidence was also admitted showing defendant's previous conviction of felony theft by taking, there was evidence from which a rational trier of fact could reasonably find defendant guilty beyond a reasonable doubt of possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Scott v. State*, 193 Ga. App. 577, 579 (3), 580 (388 SE2d 416).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 13, 1990.

*Collier, Bishop & Hunt, Charles R. Hunt*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.