## A93A1933. DORSEY v. THE STATE.
(442 SE2d 922)

McMURRAY, Presiding Judge.

Via accusation, defendant was charged with carrying a dangerous weapon in a concealed manner, in violation of OCGA § 16-11-126 (a). He was tried and convicted by the trial court, sitting without a jury, and sentenced to 12 months on probation. This appeal followed the denial of defendant's motion for a new trial.

The evidence adduced below demonstrates that on the night in question, the police heard what sounded like gunshots in a public housing area. They went to investigate and came upon four men, one of whom was defendant. The men spotted the police and started walking away in different directions. The police called upon the men to stop; they kept walking. Ultimately, the police stopped and frisked defendant; they discovered an instrument that was like a "scalpel" in his wallet. The "scalpel" was six inches long; the blade was an inch and a quarter long with a sharp edge of five-eighths of an inch. The "scalpel" did not fit entirely within the confines of defendant's wallet; it protruded out from both sides. The police found the wallet (and the scalpel) in defendant's pocket. *Held*:

1. Although he recognizes that OCGA § 16-11-126 (a) is not facially unconstitutional, *Simmons v. State*, 262 Ga. 674 (424 SE2d 274), defendant asserts the statute is void for vagueness as applied in this case.[1] OCGA § 16-11-126 (a) provides: "A person commits the offense of carrying a concealed weapon when he knowingly has or carries about his person, unless in an open manner and fully exposed to view, any bludgeon, metal knuckles, firearm, knife designed for the purpose of offense and defense, or any other dangerous or deadly weapon or instrument of like character outside of his home or place of business. . . ."

Defendant argues that the statute is vague as applied to the facts of this case because the "scalpel" was not a "knife designed for the purpose of offense and defense." In this regard, he asserts that the words "any other dangerous or deadly weapon or instrument of like

---

[1] In light of defendant's assertion, we transferred this case to the Supreme Court of Georgia. Subsequently, the Supreme Court returned the case to this court.

character" must be construed as being limited by the words: "designed for the purpose of offense and defense." We cannot accept defendant's argument.

"We have recognized that 'mathematical certainty' is not necessary in statutes. [Cit.] '(A) criminal statute is sufficiently definite if its terms furnish a test based on knowable criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command.' [Cits.] In addition, the statute must be read as a whole, each phrase or word in conjunction with the other in order to determine the scope of prohibited activity. [Cit.]" *Hargrove v. State*, 253 Ga. 450, 451 (1), 452 (321 SE2d 104).

Reading the statute as a whole, we think persons of common intelligence would agree that the phrase "any other dangerous or deadly weapon or instrument of like character" is not limited by the phrase "designed for the purpose of offense and defense." On the contrary, the phrase "any other dangerous or deadly weapon or instrument of like character" is a "catch all," devised to ensure that dangerous or deadly weapons, i.e., firearms, bludgeons, metal knuckles, knives, etc., will be carried in an open, exposed manner.

The statute is not unconstitutionally vague as applied to the facts of this case. The mere fact that a scalpel is not designed for purposes of offense and defense, does not mean that it cannot be concealed as a dangerous or deadly weapon or instrument *under certain circumstances*. See generally *Davis v. State*, 184 Ga. App. 230, 231 (1) (361 SE2d 229); *Harris v. State*, 75 Ga. App. 199 (2) (43 SE2d 110). A scalpel in a physician's bag may be just a scalpel; a "scalpel" in a pocket may be a concealed dangerous weapon.

2. Whether the "scalpel" met the definition set forth in OCGA § 16-11-126 (a) was a question for the finder of fact. *Oliver v. State*, 106 Ga. App. 493 (127 SE2d 325). It cannot be said that the trial court erred in answering that question affirmatively.

3. "There is no merit in defendant's contention that the evidence does not establish the requisite mens rea or criminal intent. ' "Criminal intent does not mean an intention to violate the law or to violate a penal statute, but means simply to intend to commit the act which is prohibited by a statute." [Cits.]' [Cit.]" *Carr v. State*, 196 Ga. App. 397, 398 (396 SE2d 76).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED APRIL 5, 1994.

*Darryl K. Brown*, for appellant.
*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant*

*Solicitor*, for appellee.