### 16021.   BEAVERS *v.* THE STATE.

BROYLES, C. J.   1.   In the light of the entire charge of the court and the facts of the case, the two excerpts from the charge, complained of in the motion for a new trial, show no reversible error.

2.   Under the repeated rulings of the Supreme Court and of this court, each

special ground of a motion for a new trial must be complete and understandable within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine either what was the alleged error or whether the error was material, the ground will not be considered by the reviewing court. *Franklin* v. *State*, 28 *Ga. App.* 460 (1 *b, c*) (112 S. E. 170), and citations. Under this ruling, where a ground of a motion for a new trial complains of the failure of the judge to charge certain principles of law (which the ground alleges should have been charged under the evidence adduced upon the trial), but where no evidence whatsoever is set forth in the ground, the ground is not complete and understandable within itself, and this court will not search through the brief of the evidence to discover whether there was any evidence requiring such instructions. This ruling disposes of grounds 2 and 3 of the amendment to the motion for a new trial.

(a) However, these grounds, considered upon their merits, do not require a reversal of the judgment below. The grounds complained respectively of the failure of the judge to charge, without any request, the law of an assault with intent to murder, and the law of an assault and battery. The accused was tried for murder and was convicted of involuntary manslaughter in the commission of an unlawful act. The evidence amply authorized his conviction of the crime charged in the indictment, and likewise authorized the verdict returned. "Where a charge of an offense of graver character includes . . a minor offense, it is the duty of the trial judge to instruct the jury upon the law applicable to the lesser offense, where the evidence, under any view thereof, will authorize a conviction of the lesser offense. Where, however, the evidence, if credible, proves the complete offense as charged in the indictment, the failure of the judge, without appropriate request, to instruct the jury upon the law applicable to the lesser offense is not cause for new trial, though the jury would have been authorized to convict of the lesser offense in view of the defendant's statement." *Moore* v. *State*, 151 *Ga.* 648 (5) (108 S. E. 47).

3. The defendant had a fair trial, under a full and fair charge of the court; the evidence amply authorized his conviction of murder; a lenient jury returned a verdict for a much less serious offense, and the accused should be satisfied.

                     *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

                           DECIDED JANUARY 15, 1925.

Conviction of manslaughter; from Coweta superior court—Judge Roop.  October 15, 1924.

*Terrell & Terrell, Post & Arnold,* and *Hall & Jones,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general, W. L. Stallings, T. G. Farmer Jr.,* contra.