### 19508. ALLEN *v.* THE STATE.

BROYLES, C. J. 1. The conviction of the accused did not depend wholly upon circumstantial evidence, and the failure of the court to charge upon the law of direct and circumstantial evidence was not error, in the absence of a request so to do.

2. Where a ground of a motion for a new trial complains of the charging of certain principles of law (which the ground alleges should not have been charged, under the evidence adduced), or complains of the failure to give certain charges (which the ground alleges was error, under the evidence adduced), but where no evidence whatsoever is set forth in the ground, the ground is not complete and understandable within itself, and this court will not search through the brief of the evidence to discover whether the charge, or the failure to charge (as the case may be), was error, under the evidence in the case. See, in this connection, *Beavers* v. *State*, 33 *Ga. App.* 370 (2) (126 S. E. 305). Under the principle of this ruling special grounds 2, 3, 4, 5, and 6 of the motion for a new trial are not complete and understandable within themselves. In order for this court to determine whether any one of those grounds showed error, or whether the error was material, it would have to refer to the brief of the evidence, or the indictment, or some other portion of the record.

3. In the light of all the facts of the case, the remaining special grounds of the motion for a new trial show no reversible error.

4. In misdemeanors all who participate, aid, advise, or abet in the commission of the crime are guilty as principals. In the instant case the evidence authorized a finding that the accused was present at or near the scene of the offense (larceny from the house), and that she advised and abetted in the commission thereof.

5. Under repeated rulings of the Supreme Court and of this court, upon the trial of a misdemeanor the jury may believe the uncorroborated testimony of a single witness in preference to the testimony of many witnesses. This is true although it be shown that the witness was guilty of aiding in the commission of the crime, and although evidence tending to impeach him has been introduced and no counter-showing in his behalf has been made.

6. Under the above-stated rulings and the facts of this case, the verdict was authorized, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 9, 1929. REHEARING DENIED MAY 15, 1929.

*Shackelford, Shackelford & Davis,* for plaintiff in error.
*Clifford Pratt, solicitor-general,* contra.