### 24159. JONES v. THE STATE.

BROYLES, C. J. 1. Special ground 1 of the motion for a new trial complains of the failure of the judge to charge a certain principle of law while he was instructing the jury upon the subject of voluntary manslaughter. The defendant was convicted of that offense, and the ground fails to show how the omission so to charge was harmful to the defendant. Furthermore, it is not even alleged in the ground that the desired charge was authorized by the evidence or the defendant's statement to the jury. Obviously, the ground is too incomplete to raise any question for the determination of this court. Beavers v. State, 33 Ga. App. 370 (2) (126 S. E. 305); Allen v. State, 39 Ga. App. 642 (2) (148 S. E. 167).

2. Special ground 2 of the motion complains of the failure of the court to charge the law of mutual combat, and the ground sets out a part of the evidence and part of the defendant's statement which it is alleged required that charge. The evidence set forth in the ground is insufficient to authorize a finding that the defendant and the deceased engaged in mutual combat. Conceding (but not deciding) that the portion of the defendant's statement set forth in the ground authorized such a charge, the failure so to charge was not error, the theory having been raised solely by the defendant's statement, and there having been no request for the charge. Gore v. State, 162 Ga. 267 (2) (134 S. E. 36).

3. The verdict was authorized by the evidence and portions of the defendant's statement; and the refusal to grant a new trial was not error. See, in this connection, French v. State, 43 Ga. App. 97 (5) (157 S. E. 902). Judgment affirmed. MacIntyre and Guerry, JJ., concur.

DECIDED OCTOBER 16, 1934.

J. H. Kennerly, Jesse B. Simmons, for plaintiff in error.

John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson, contra.