24187. GLEATON *v.* THE STATE.

Decided November 27, 1934.

*Branch & Howard, Thomas B. Branch Jr.,* for plaintiff in error.
*Claude C. Smith,* solicitor-general, *Clarence Vaughn, Henry McCalla,* contra.

MacIntyre, J. 1. The court charged the jury: "Now, in

this case, these defendants, each of them, are charged with the offense of robbery. Robbery, as defined by our statute, is the wrongful, fraudulent and violent taking of money, goods, or chattels from the person of another by force or intimidation without the consent of the owner." It will thus be seen that this definition is inaccurate, for want of fullness, in that it does not state that the intent to steal is an essential element of the offense; that there can be no robbery without an intent to steal; and hence it is legally impossible for the trial judge to give to the jury correct instructions upon the trial of a robbery case which leave entirely out of view the question of felonious intent. It is not one of those collateral matters concerning which the court is only required to instruct the jury upon request, but it is of the very substance of the offense, and an omission so to instruct the jury would enable them to convict the accused without finding felonious intent. *Sledge* v. *State*, 99 *Ga.* 685, 686 (26 S. E. 756). The intent to steal is a substantive element, and a failure to so instruct the jury without request is a cause for a new trial. *Blackshear* v. *State*, 20 *Ga. App.* 87 (3) (92 S. E. 547). Elsewhere in his charge the judge said: "Now, in this case, if you should believe the defendants did, by intimidation, threats or force, take from the prosecutor, Jim Harper, the money described in the indictment, and as described in the indictment, and you should believe all that beyond a reasonable doubt, you would be authorized to find the defendant, or the defendants, guilty, as will be hereinafter stated to you on the subject of conspiracy. . . Now, if you find there was a conspiracy, and that the defendants, all of them, or any of them, participated in a common intent and purpose to do what was done, and what was done is that charged, or alleged, in the indictment, then what was done by any of the persons named in either of the indictments in pursuance of the common intent or purpose would be jointly binding on all the parties joining in the common intent." It will thus be seen that there was no way for the jury to understand, from the charge, that the intent to steal was an essential element of the crime of robbery, unless they referred to the indictment.

We think when the court assumed to state all the essential elements of the crime of robbery, but omitted one of them and referred the jury to the indictment to ascertain this essential ele-

ment, it was error (16 C. J. p. 968, sec. 2362) which requires a new trial. *Sledge* v. *State, supra.*

2. There was no occasion for the court to charge without request that if the taking was under a bona fide claim of right, there could not be robbery, because the defendant denied any taking by force, intimidation, or otherwise of any money of Jim Harper's.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*