MORRIS v. THE STATE.

DECIDED JULY 26, 1935.    REHEARING DENIED AUGUST 27, 1935.

*J. Wightman Bowden, John O. Owen, Louis A. Burton,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BROYLES, C. J. 1. Where a ground of a motion for a new trial complains of a refusal of the judge to allow a witness to answer certain questions propounded to him on direct examination, the ground raises no question for the consideration of this court

unless it appears from the ground that at the time of the propounding of the questions counsel for the movant stated to the court what were the answers that he expected from the witness. *City of Jackson* v. *Wilson,* 146 *Ga.* 250 (4), 252 (91 S. E. 63). Furthermore, the ground in the instant case does not show that the questions related to any material issue involved, or how or why the ruling of the court was prejudicial to the defendant's cause. *York* v. *State,* 42 *Ga. App.* 453 (5) (156 S. E. 733): In so far as it attempts to assign error upon the refusal of the court to allow the witness to produce before the jury certain records of a telephone company, the ground is defective, since the documentary evidence is not set forth in the ground or attached to the motion as an exhibit. *Sisk* v. *Sisk,* 37 *Ga. App.* 369 (140 S. E. 520). Under the foregoing rulings, special ground 1 of the motion for new trial is not in proper form to be considered by this court.

2. Special ground 2 assigns as error the failure of the court to instruct the jury that the offense of robbery could not be committed without an intent to steal, as such an intent is a substantive element of the offense. While the judge in defining to the jury the offense of robbery did not specifically instruct them that there must be an intent to steal, he read to them section 148 of the Penal Code of 1910, as follows: "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof." The word "fraudulent" in the connection in which it was used in the charge, implied an intent to steal. *Holland* v. *State,* 8 *Ga. App.* 202 (68 S. E. 861); *Lacey* v. *State,* 44 *Ga. App.* 791 (163 S. E. 292); *Shehaney* v. *Lowry,* 170 *Ga.* 70 (152 S. E. 114). The failure to charge the jury specifically that the intent to steal is an essential element of the offense of robbery does not require a reversal of the judgment.

3. Special ground 3, not having been argued or referred to in the brief of counsel for the plaintiff in error, is treated as abandoned.

4. Where a ground of a motion for a new trial complains of

the failure to charge a certain principle of law (which the ground alleges should have been charged, under the evidence adduced), but where no evidence whatsoever is set forth in the ground, the ground is not complete and understandable within itself, and this court will not search through the brief of the evidence to ascertain whether the failure to so charge was error. *Allen* v. *State,* 39 *Ga. App.* 642 (2) (148 S. E. 167). Under this ruling special ground 4 raises no question for the consideration of this court.

5. Special ground 5 was not approved by the trial judge, and therefore can not be considered by this court.

6. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Guerry, J., concurs. MacIntyre, J., concurs specially.*

MacIntyre, J. I concur in the judgment, but not in all that is said in division 2 of the decision. The cases cited therein all refer to the sufficiency of the allegations in the indictment, and not to the charge of the court. The plaintiff in error relies on the case of *Sledge* v. *State,* 99 *Ga.* 684 (26 S. E. 756), where the accusation charged the defendant with the offense of robbery, for that he "did then and there unlawfully with force and arms, wrongfully, fraudulently, and violently, take by force from the person of Nellie Thrash and without her consent" certain described property, stating the ownership and value thereof. The judge charged the jury: "Ben Sledge has been indicted by the grand jury of your county, in an indictment which charges him with having committed the offense of robbery, for that on the 25th day of December, 1895, in the county aforesaid, said Ben Sledge did then and there unlawfully with force and arms wrongfully and fraudulently and violently take by force from the person of Nellie Thrash, without her consent, two finger-rings of the value of four dollars each, and one gold bracket of the value of three dollars, of the personal goods of said Nellie Thrash. To this indictment the defendant has entered a plea of not guilty, which forms the issue you are empaneled to try. Robbery is the wrongful and fraudulent and violent taking of the money, goods, or chattels from the person of another, by force or intimidation, without the consent of the owner." The Supreme Court held: "It follows therefore that the failure of the circuit judge to instruct the jury upon this important branch of

the case [the felonious intent, that is an intent to steal] must result in a new trial."

In *Gleaton* v. *State, 50 Ga. App.* 210 (177 S. E. 362), the indictment charged that the defendant "did then and there unlawfully and with force and arms, from the person of Jim Harper, wrongfully and fraudulently and violently, by force and intimidation, and by sudden snatching, take and carry away from the person of Jim Harper, without the consent of him, the said Jim Harper, and with the intent to steal the same," etc. It will be noted that the indictment contained the words "and with the intent to steal," but that the charge itself omitted to state that the intent to steal was an essential element of robbery. An instruction which refers the jury to the indictment for matters which are not in the charge, and which are necessary for their consideration, is erroneous; but it is not erroneous if, in spite of such reference, "as the specific charge made in the indictment" or "as charged and alleged in the indictment," or the like, the charge contains the matters necessary for the jury's consideration, but such reference is merely surplusage and harmless. In the case sub judice the indictment charged that the accused, "with force and arms, did wrongfully, fraudulently, and violently and by force and intimidation, take from the person of C. R. Sykes, without his consent, and with the intent to steal the same," etc. The judge charged the jury that the specific charge made in the indictment was (omitting the formal parts) that the defendant "with force and arms did wrongfully, fraudulently, and violently and by force and intimidation take from the person of J. B. Powell, without his consent and with the intent to steal the same," etc. Later he stated that "The court charges you section 148 of the Penal Code, to wit: Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking, or carrying away any money, goods or chattels or anything of value from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof." And the judge concluded his charge by saying "that if the evidence satisfies you beyond a reasonable doubt of the guilt of the offense charged and alleged against him in the indictment and as charged and alleged therein, beyond a reasonable doubt, then it would be

your duty to convict." I think, taken in its entirety, the charge directed what facts were to be found in order to convict, among them the essential fact of the intent to steal, and that by listening to the charge the jury would understand that in order to convict there must be an intent to steal, and they would not have to refer to the indictment alone in order to ascertain that this was an essential element to be found before a conviction would be authorized.

Therefore I do not think the judgment should be reversed. However, I do think that in charging the definition of robbery as given in section 148 of the Penal Code of 1910 the judge should have added, in the appropriate places, the words "with the intent to steal," in view of the fact that the definition of robbery as expressed in this section is inaccurate for want of fullness. *Sledge v. State,* supra.