## 34300. WILCHER *v.* THE STATE.

TOWNSEND, J. 1. Where, on a trial for the offense of assault with intent to murder, the testimony of the prosecuting witness, husband of the defendant, that they had quarrelled, that he had "spanked" her, and that he kept ten or twelve guns in the house, together with the testimony of other witnesses that the defendant's body was black and blue from recent bruises, and that the parties frequently had serious quarrels, plus the defendant's statement as to her husband having assaulted her, all raised an issue in the case as to whether the prosecutor was the aggressor and assailant in the affray, and it would have been competent for the defendant to offer testimony as to his general character for violence and turbulent disposition. *Cone v. State,* 193 *Ga.* 420 (18 S. E. 2d, 850); *Tatum v. State,* 57 *Ga. App.* 849 (197 S. E. 51); *Crawley v. State,* 137 *Ga.* 777 (74 S. E. 537); *Wimberly v. State,* 13 *Ga. App.* 671 (79 S. E. 767). As stated in *Pound v. State,* 43 *Ga.* 88, 128: "The general rule is, that the prisoner may give in evidence the character of the deceased for turbulence and violence. The rule contemplates only the general character in this regard, and particular acts of violence are not admissible." This is for the reason, as stated in *Andrews v. State,* 118 *Ga.* 1 (2), 3 (43 S. E. 852), that "the State and the accused alike are put on notice that such general character may become an issue in the trial. But no one was bound to anticipate that the specific instance inquired about would be made the subject of investigation." See also *Smithwick v. State,* 199 *Ga.* 292, 296 (34 S. E. 2d, 28) and citations; *Haynes v. Phillips,* 67 *Ga. App.* 574 (21 S. E. 2d, 261); *Porter v. State,* 180 *Ga.* 147 (1) (178 S. E. 151); *Doyal v. State,* 70 *Ga.* 134). Accordingly, where a witness for the defendant testified, "On one occasion he [meaning the prosecutor] pulled a gun on me," the court on objection properly refused to allow the witness to answer the following question: "What was the cause?" on the ground that it sought to evoke testimony as to specific acts of violence on the part of the witness. The first ground of the amended motion for a new trial is without merit.

2. Special grounds 3 and 4 assign error merely on "failing to charge the jury that they could find the defendant guilty of a misdemeanor, to wit: assault and battery" which was harmful to movant "for obvious reasons" and "failing to charge the jury on the law of manslaughter as bearing on the question of shooting at another." These grounds fail to set out

what principles of law relating to these subjects should have been given in charge, or to set out any evidence or specify any portions of the record from which it could be inferred that the charges, if given, would be applicable to the facts of this case, nor do they plainly and distinctly set forth wherein the failure to so charge would be harmful to the movant. They are accordingly too vague and incomplete within themselves for consideration by this court. *Holland* v. *State,* 191 *Ga.* (608 (1) (13 S. E. 2d, 347); *Worthy* v. *State,* 192 *Ga.* 620 (3) (15 S. E. 2d, 854); *Smithwick* v. *State,* 199 *Ga.* 292 (4a), supra; *Powell* v. *State,* 179 *Ga.* 401 (7) (176 S. E. 29). Nor is it even alleged in these grounds that the desired charge was authorized by the defendant's statement to the jury or the evidence in the case. *Jones* v. *State,* 50 *Ga. App.* 14 (176 S. E. 824). Special ground 2 and the general grounds of the motion for a new trial are not argued and are therefore considered as abandoned.

*Judgment affirmed.* *Gardner, P.J., and Carlisle, J., concur.*

DECIDED OCTOBER 21, 1952.

*R. Lee Chambers III,* for plaintiff in error.
*George Hains, Solicitor-General,* contra.