36890.  AUSTIN *v.* SMITH *et al.*

DECIDED NOVEMBER 8, 1957.

*George T. Bagby, Frank D. Holcomb, Hamilton Lokey, John T. Perrin,* for plaintiff in error.

*Reed & Ingram, R. M. Reed, Troutman, Sams, Schroder & Lockerman,* contra.

NICHOLS, J. The sole question presented by the writ of error is whether the plaintiff's petition, when construed most strongly against her as must be done when considering a general demurrer, alleged a cause of action against the defendants James Smith, the driver of the automobile, and Mrs. Annie D. Croker, the owner of the automobile. It was alleged that the automobile being driven by Smith was a "family-purpose" automobile so as to hold Mrs. Croker liable for the negligence of Smith.

In order to set forth a cause of action against these defendants, inasmuch as it is alleged that the deceased was a guest passenger in such automobile at the time of the collision, the petition must allege negligence of the host driver that would authorize a jury to find, (1) that such driver was guilty of a failure to exercise even slight care for his guest passenger, and (2) that such lack of care was a contributing proximate cause of the guest passenger's death.

The following allegations of the petition are pertinent in determining these questions: "That on the night of June 11, 1955, around midnight, plaintiff's son Charles Eugene Austin, was riding as a guest passenger in the automobile of defendant Mrs. Annie D. Croker, which automobile was being driven by defendant, James Smith. That on said night of June 11, 1955, around midnight the said defendant James Smith drove said Lincoln automobile into a service station, known as Spar Station, which said service station was located on Georgia State Highway No. 6 within the city limits of Dallas, Georgia, on that portion of said highway known as West Memorial Drive. That shortly thereafter said James Smith drove said Lincoln automobile out of said filling station and proceeded in a generally westerly direc-

tion along said West Memorial Dirve. That within a distance of a few hundred yards said James Smith approached a curve on said highway bearing to his left and proceeded to drive said Lincoln automobile around said curve. That at said time and place said West Memorial Drive was 20 feet wide, paved with concrete and with a black center line down the center of said highway. That on either side of said highway there were dirt shoulders varying in width from about three to five feet in width. That as said highway curved to the left in the direction in which said Lincoln automobile was being driven the roadway runs downhill, straightens out and runs under a railroad underpass, after which said highway levels off and then curves to the right. That as said James Smith approached and entered said curve he was driving said automobile at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing and at a speed in excess of 60 miles per hour. That as said James Smith approached and entered said curve he did not reduce his speed, nor did he have his said vehicle under immediate control, nor was he maintaining a proper lookout ahead, nor was he driving said Lincoln in compliance with legal requirements and the duty of all persons to use due care. That as said James Smith approached and entered said curve going in a westerly direction, a large tractor-trailer motor freight vehicle, operated by defendant Malone Freight Lines and being driven at said time and place by defendant Edsel Lloyd Copeland, was proceeding along said highway in an easterly direction. That at said time and place the weather was clear, and the surface of the roadway was dry, and said highway traversed a business and residence district of the City of Dallas, Georgia. That as said tractor-trailer was being driven toward the center of Dallas, Georgia, as aforesaid the headlights were on bright and were being operated on the upper or high beam and at no time prior to the collision of said tractor-trailer with said Lincoln automobile did the driver of said tractor-trailer use his lower beam or use a distribution of light or composite beam so aimed that the glaring rays were not projected into the eyes of the oncoming driver of said Lincoln automobile. That as the Lincoln automobile driven by said James Smith came around the curve in said highway as aforesaid

the said James Smith was blinded by the bright lights of said tractor-trailer approaching him and as a result he became disorientated and lost sight of the highway and the right-hand wheels of said Lincoln automobile ran off the paved portion of the highway onto the shoulder of the road. That due to the excessive speed at which said Lincoln was being driven around said curve, and due to the failure of said James Smith to reduce his speed in entering said curve and due to his failure to maintain a proper lookout and to drive with due care as aforesaid, when he was blinded by the glare of the headlights of the tractor-trailer as aforesaid the said James Smith completely lost control of said Lincoln automobile, whereupon it went out of control, skidded back toward the center of the highway, turned over and then crashed with great force and violence into the front end of the tractor-trailer. As a result of said collision said Lincoln automobile was demolished and plaintiff's son, Charles Eugene Austin sustained multiple injuries from which he died shortly after said collision without ever regaining consciousness. That at the moment of impact between said tractor-trailer and said Lincoln automobile said tractor-trailer was not on its right side of the road and its left wheels were approximately three to four feet across and over on its wrong side of the center line of said highway. That at said time and place defendant James Smith and the defendant Mrs. Annie D. Croker, by and through her son James Smith, as aforesaid, were guilty of the following acts of negligence toward plaintiff, which said acts of negligence constituted gross negligence, to wit: (a) In operating said Lincoln automobile at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ga. Code § 68-1626 (a), which was negligence per se; (b) In operating said automobile at a speed in excess of 60 miles per hour, in violation of Ga. Code § 68-1626 (b) (2), which was negligence per se; (c) In failing to so control the speed of said Lincoln automobile as to avoid collision with another vehicle on said highway, in violation of Ga. Code § 68-1626 (a), which was negligence per se; (d) In failing to operate said Lincoln automobile in compliance with legal requirements and the duty of all persons to use due care, in violation of Ga. Code

§ 68-1626 (a), which was negligence per se; (e) In operating said Lincoln automobile at a speed in excess of 35 miles per hour in violation of Ga. Code § 68-1626 (b) (1), which was negligence per se; (f) In failing to reduce the speed of said Lincoln automobile in approaching and entering said curve on said highway; (g) In failing to have said Lincoln automobile under immediate control; (h) In failing to maintain a proper lookout ahead; (i) In operating said Lincoln automobile at a speed in excess of 25 miles per hour in violation of the valid and subsisting ordinance of the City of Dallas, Georgia . . . which was negligence per se; (j) In colliding with the tractor-trailer of defendant Malone Freight Lines as alleged herein, which collision produced the death of plaintiff's son, Charles Eugene Austin."

1. While the defendants contend that under the allegations of the petition the collision took place on a straight stretch of road and that therefore the allegations of negligence with reference to the curve should not be considered, a careful reading of the above quoted portions of the petition makes it definitely appear that the collision either took place on the curve or that the lights "blinded" the driver of the Lincoln automobile while such automobile was rounding such curve so that the series of events which allegedly led to the collision began on the curve.

2. "The venerable and familiar rule is that except in plain and indisputable cases where reasonable men could not entertain opposite views of the matter, the questions of whether the host's conduct is negligence, the classification of his negligence as slight, ordinary, or gross and whether his negligence was the proximate cause of the plaintiff's injuries are questions for the jury. *Eubanks* v. *Akridge,* 91 *Ga. App.* 243 (85 S. E. 2d 502); *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (2) (57 S. E. 2d 18); *West* v. *Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808)." *Werbell* v. *Walters,* 93 *Ga. App.* 378, 389 (91 S. E. 2d 841). In the present case the allegations of the petition do not make it appear without dispute that the collision would have taken place whether the defendant Smith had been guilty of the alleged negligence or not, nor can it be said that a jury could not consider, under the circumstances, that such negligence amounted to a lack of even slight care for the protection of the guest

passenger. See *Moore* v. *Bryan,* 52 *Ga. App.* 272, 282 (183 S. E. 117); *Parker* v. *Bryan,* 93 *Ga. App.* 88 (91 S. E. 2d 49). The plaintiff's petition set forth a cause of action against James Smith and Mrs. Annie D. Croker, and the trial court erred in sustaining the general demurrers of these defendants and in dismissing the petition as to them.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*