38431. NORRIS v. SIKES, Administrator, *et al.*

38432. SIKES, Administrator v. NORRIS *et al.*

FRANKUM, Judge. This case first appeared before this court in *Sikes v. Norris,* 99 Ga. App. 351 (108 S. E. 2d 192), wherein it was held that the petition set forth a cause of action for the death of a guest passenger against the host driver and another driver involved in a collision. On the trial the jury returned a verdict for the defendant. The plaintiff filed a motion for a new trial on the general grounds and later amended to add two special grounds. To the decision of the trial court overruling the amended motion for a new trial the plaintiff excepts and assigns same as error. *Held:*

1. The evidence shows that the deceased was a passenger in the defendant Sikes' automobile as it traveled west on a dirt road known as Mountain Creek Church Road. The defendant Sorrells was traveling north on a paved road known as Bold Springs Road which intersects Mountain Creek Church Road. Sorrells testified that he did not see the Sikes' vehicle or its lights (it being after dark) until both he and Sikes had entered the intersection. It was undisputed that the dirt road drops into a depression and rises to a crest where the two roads cross. There were no stop signs at the junction. There was a bank and some bushes on the side of the dirt road which concealed the approach of a vehicle on Mountain Creek Church Road. Studdard, a passenger in Sikes' automobile, testified that Sikes was traveling approximately 40 miles per hour and did not decrease his speed as he entered the intersection, and there had been no complaint by the passengers of Sikes' improper driving.

Though the petition alleges that the defendant Sikes had traveled this road many times, the record, in reference to his familiarity with the road, reveals only that he had traveled it on one occasion before and that was during daylight hours. No evidence appears except as above to indicate that Sikes knew of the crossing or should have known that Bold Springs Road crossed the road at the crest of the hill. Whether or not 40 miles per hour was an inappropriate speed when approaching a hill crest, i.e., in violation of *Code Ann.* § 68-1626(c), was a question for the jury's determination. Though the jury would have been authorized to find Sikes negligent, or possibly grossly negligent, the evidence does not

demand a finding of gross negligence on the part of Sikes as a matter of law. In view of the evidence adduced at the trial the jury was authorized to find for the defendant Sikes. See *Eddleman v. Askew*, 50 Ga. App. 540 (179 S. E. 247).

As to the defendant Sorrells, a pure question of fact was presented to the jury of whether he was negligent in not discovering the approach of Sikes' vehicle. The explanation that the depression in the dirt road, the bank, and the bushes obscured any view of the headlights of Sikes' approaching vehicle until the collision was inevitable was authorized and, therefore, the jury was authorized to find the defendant Sorrells free from negligence. The general grounds are without merit. *Bibb Cigar & Candy Co. v. McSwain*, 95 Ga. App. 659 (98 S. E. 2d 128); *Wallace v. State*, 77 Ga. App. 434 (48 S. E. 2d 696); *Sheppard v. Burns*, 40 Ga. App. 496 (150 S. E. 434).

2. The plaintiff assigns as error that portion of the trial court's charge of the provisions of *Code* § 38-111, concerning positive and negative testimony. Assuming, but not deciding that the charge was incorrect, the assignment does not show in what respect such charge was harmful to the plaintiff. *Helms v. State*, 136 Ga. 799 (72 S. E. 246).

"Legal error is a compound of both error and injury. In the absence of either constituent element the grant of a new trial is not warranted." *Harrison v. Hester*, 160 Ga. 865 (3) (129 S. E. 528).

"If the propositions of law are erroneous, the error is presumably prejudicial, and the entire record will be reviewed to ascertain if the plaintiff in error has been injured by the giving of such erroneous instructions." *Pelham Mfg. Co. v. Powell*, 6 Ga. App. 308, 314 (64 S. E. 1116). See also *Duncan v. State*, 101 Ga. App. 504 (114 S. E. 2d 376). We fail to find in the record any negative testimony which would authorize this charge, nor does counsel direct attention to any whereby the jury would be affected by this charge or misled. The assignment of error does not show a harmful error committed, and a review of the record does not reveal one.

3. The other special ground complains of the refusal of the trial court to give a requested charge substantially in the language of division 6 of *Blue's Truck Line v. Harwell*, 57 Ga. App. 136, 139 (194 S. E. 399); however, the defendant's argument

that the special ground is not complete is well taken. Nowhere in the special ground is any evidence set out to authorize the charge, nor does the movant refer to the brief of evidence where such may be found. The ground fails to allege any facts prevailing at the time of the trial which would make the charge applicable and pertinent. *Emory University v. Lee,* 97 Ga. App. 680 (4), 696, 699 (104 S. E. 2d 234); *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871, 878 (52 S. E. 2d 485); *Miles v. Foy,* 38 Ga. App. 473 (144 S. E. 802); *Beavers v. State,* 33 Ga. App. 370 (126 S. E. 305).

*Judgment affirmed on main bill. Cross-bill dismissed. Townsend and Carlisle, JJ., concur. Gardner, P. J., not participating.*

DECIDED OCTOBER 4, 1960—REHEARING DENIED OCTOBER 19, 1960.

*Rache Bell, Edward B. Everett,* for Norris.

*James W. Arnold, Guy B. Scott, Erwin, Birchmore & Epting, Eugene A. Epting,* for Sikes.

*A. M. Kelly, Wm. L. Preston,* for Sorrells.