39012. BEECHER v. FARLEY *et al.*

Decided October 24, 1961—Rehearing denied November 16
and November 22, 1961.

*G. Seals Aiken,* for plaintiff in error.

*Moise, Post & Gardner, R. Emerson Gardner, Hugh E. Wright,* contra.

Frankum, Judge. ■ Plaintiff insists upon the general grounds of his motion. However, the general grounds present no basis for granting a new trial because the only actual complaint he has is the fact that the verdict was, he claims, too small, and the question of the inadequacy of the verdict is not raised by the general grounds of a motion for a new trial. *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705 (181 SE 315).

■

By a special ground of his motion for a new trial, plaintiff contends that the verdict for $500 is grossly inadequate and shows bias and prejudice on the part of the jury. The plaintiff claimed damages in the amount of $56,675.

The plaintiff, in his petition, claimed special damages in the amount of $493, consisting of doctors' bills and expenditures for medicines for the treatment of his wife's injuries. However, the jury was authorized to find that the plaintiff was not entitled to recover the full amount of the special damages claimed by him. For example, Dr. Myers testified that his bill was $150 for treatment of injuries of the plaintiff's wife between November 4, 1958, and the time of the trial. Dr. Myers also testified that during this time he treated a swollen thumb of the plaintiff's wife, which injury had no relation to the injury she received in the automobile collision. The record is silent as to whether Dr. Myers' fee for the treatment of the swollen thumb was included as a part of his bill for $150. Dr. Tucker testified that his total bill was $98, but that $15 of this amount was for the removal of a tumor from the leg of the plaintiff's wife which had nothing to do with the injuries she sustained in the automobile collision. The plaintiff's wife testified that she personally paid for many of the drug items, and her testimony as to the amounts of these bills was vague and was based upon an estimation of the witness, in that she stated one drug bill was "about $40," and another bill—"about, I'd say $40."

There was evidence to authorize the jury to find that the plaintiff's wife sustained no permanent injuries in the collision. Thus, the jury was authorized to find that the plaintiff suffered no great loss of the services of his wife. The evidence shows that the collision occurred on October 22, 1958, and that the plaintiff's wife went to work full time at the Fulton Bag & Cotton Mill as a spinner on November 25, 1958. Her signed application for employment was introduced in evidence for the purpose of showing that she had represented to her employer that she had no back injury, which contradicts her testimony in this case.

"After verdict, in passing upon the motion for a new trial, that view of the evidence which is most unfavorable to the . . . [movant] must be taken, for every presumption and every infer-

ence is in favor of the verdict." *Vandeviere v. State,* 58 Ga. App. 18 (197 SE 338). See *Donahoo v. Goldin,* 61 Ga. App. 841, 846 (7 SE2d 820).

*Code* § 105-2015 provides: "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias."

In the instant case the maximum amount of special damages shown by the evidence is less than the jury's finding.

"In estimating the value of domestic service rendered by a wife . . . the jury are authorized to take into consideration what may be the value of many services incapable of exact proof, but measured in the light of their own observation and experience. There need be no direct or express evidence of the value of the wife's services, either by the day, week, month, or any other period of time, or of any aggregate sum.' *Metropolitan St. R. Co. v. Johnson,* 91 Ga. 466, 471, 472 (18 SE 816)." *Ga. Ry. & Power Co. v. Shaw,* 25 Ga. App. 146, 147 (102 SE 904). See also *American Fidelity &c. Co. v. Farmer,* 77 Ga. App. 192 (48 SE2d 141). Accordingly, it cannot be said that the jury was bound to find for the plaintiff an amount greater than the verdict in this case. Cf. *McLendon v. Floyd,* 59 Ga. App. 506 (1 SE2d 466) ; *Pierson v. M. & M. Bus Co.,* 74 Ga. App. 537 (40 SE2d 561).

This court cannot say, as a matter of law, that the jury's verdict was so small as to justify an inference of gross mistake or bias. *Pierson v. M. & M. Bus Co.,* 74 Ga. App. 537, supra; *Holland v. Williams,* 3 Ga. App. 636 (60 SE 331). See *Williams v. Hines,* 26 Ga. App. 381 (107 SE 265) ; *Brown v. Service Coach Lines,* 71 Ga. App. 437 (31 SE2d 236).

■ Counsel for the plaintiff assigns as error the failure of the court to rule out and rebuke counsel for the defendants for remarks made in his statement to the jury prior to the introduction of evidence. Counsel for the defendants stated: "We expect to show you, and I am going to put it on the line, that the claims of damages in this case are preposterous and absurd."

The rule governing remarks of counsel in statements to a jury is clearly stated in *Waits v. Hardy,* 214 Ga. 41, 43 (102 SE2d

788

590, 68 ALR2d 995), which held: "Counsel . . . may state to the jury what each expects to prove on the trial, and should be confined to a summary or a recital of such matters of proof only as are admissible under the rules of evidence."

The statement of defendants' counsel relates to what he expected to show by evidence. Certainly, the amount of damages was a subject of contention between the parties. As stated by Justice Almand, speaking for the Supreme Court, in *Waits v. Hardy,* 214 Ga. 41, 43, supra: "The language used in the argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare if there are facts admissible in evidence upon which it may be founded." This contention is without merit.

■ Where the jury returns a verdict in favor of the plaintiff, he cannot complain of any erroneous rulings touching his right to recover which did not operate to his prejudice. *Hill v. Cloud,* 48 Ga. App. 506 (4) (173 SE 190); *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705, supra; *Brown v. Service Coach Lines,* 71 Ga. App. 437, supra; *O'Quinn v. Douglas, A. & G. R. Co.,* 7 Ga. App. 309 (66 SE 810); *Peterson v. Wadley & Mt. V. R. Co.,* 117 Ga. 390 (43 SE 713). Special grounds 6, 9, 10, and 12 have no merit.

■ Special grounds 7, 8, and 11 of the amended motion for a new trial seek to assign error on the failure of the court to charge certain written requests. Plaintiff fails to properly specify in the special grounds the portions of the evidence to show the requests were applicable to the issues of the case. *Norris v. Sikes,* 102 Ga. App. 609 (3) (117 SE2d 214); *Miles v. Foy,* 38 Ga. App. 473 (144 SE 802); *Beavers v. State,* 33 Ga. App. 370 (2) (126 SE 305); *Martin v. Smith,* 211 Ga. 600 (87 SE2d 406). *Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*