40311. MOULDER v. THE STATE.

Frankum, Judge. 1. A ground of a motion for a new trial complaining of the failure of the court to charge without request in accordance with certain quoted language, but which neither has set out therein the evidence which it is contended required a charge in the language quoted nor refers to the place in the record where such evidence may be found is too incomplete to be considered. *Beavers v. State*, 33 Ga. App. 370 (2) (126 SE 305); *Allen v. State*, 39 Ga. App. 642 (2) (148 SE 167); *Wilcher v. State*, 87 Ga. App. 93 (2) (73 SE2d 57); *Norris*

*v. Sikes,* 102 Ga. App. 609, 610 (3) (117 SE2d 214) ; *Beecher v. Farley,* 104 Ga. App. 785, 788 (4) (123 SE2d 184). Special ground 1 of the motion for new trial which assigns error on the failure of the court to charge is insufficient under the foregoing rule in that no evidence is set forth in the ground, nor is there any reference contained therein to the place in the record where evidence may be found which would show that the charge was demanded as contended. The mere conclusion of the movant that the charge was required or demanded but unsupported by any facts is insufficient. Furthermore, it does not appear from this ground how the omission to charge was harmful to the defendant. *Jones v. State,* 50 Ga. App. 14 (1) (176 SE 824). It was not error to overrule this ground of the motion.

2. Special ground 2 assigns error because the court permitted a witness for the State to testify over objection that the defendant was under the influence of some alcoholic beverage at the time he was arrested. The record shows that several witnesses for the State testified without objection as to the defendant's intoxication at the time the alleged crime was committed, and it appears that the arrest of the defendant was made not more than one or two hours thereafter. Under these circumstances the overruling of the objection as complained of in this ground is not cause for a new trial. *Smith v. State,* 210 Ga. 713 (4) (82 SE2d 507).

3. Special grounds 3 and 4 assign error because the court permitted a witness for the State to testify as to information obtained from another person during his investigation of the alleged crime, the objection being that such evidence was hearsay. The testimony referred to in these grounds was, in effect, that the witness in investigating the case had occasion to talk to someone at a filling station "located on Cheshire Bridge Road," and that he "went into detail with him about what had happened there at the service station and this white Ford in question, and he stated that a subject, he didn't know his first name, named Moulder, had come into the station." This evidence was objected to as being hearsay. It is not apparent from these grounds of the motion how the admission of this evidence was in any way material to the case or that it was harmful or prejudicial to the defendant.

4. The same witness was further permitted to testify over a

mere general objection, as complained of in the fifth special ground, as to statements made to him by the person in the filling station concerning the appearance and condition of the defendant when he was in the filling station and as to statements made by the defendant. No grounds of objection were stated, and the mere general objection was insufficient to invoke any ruling by the court. At the time objection was made counsel for the defendant asked the court to grant a mistrial on the stated ground that the evidence was highly prejudicial, immaterial, irrelevant, and placed the defendant's character in issue. The court overruled that motion, and movant assigns error on that ruling. The movant having made no valid objection to the evidence at the time it was offered, the refusal of the court to grant the motion for a mistrial after the evidence was admitted was not error.

5. The evidence supports the verdict of the jury finding the defendant guilty of the offense of voluntary manslaughter.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED OCTOBER 31, 1963.

*J. B. Stoner, James R. Venable,* for plaintiff in error.

*William T. Boyd, Solicitor General, Frank S. French, Eugene L. Tiller, J. Walter LeCraw,* contra.