### 45953. DARRAH v. WOMACK.

HALL, Presiding Judge. In an action seeking damages for medical expenses, property damage and loss of his wife's services and consortium, plaintiff appeals from the judgment rendered in his favor and from the denial of his motion for a new trial.

Plaintiff contends the court erred in charging unavoidable accident, and while the verdict was in his favor, its gross inadequacy showed that the charge was harmful. He cites *Riggs v. Watson,* 77 Ga. App. 62 (47 SE2d 900) and *Tallent v. McKelvey,* 105 Ga. App. 660 (125 SE2d 65). The verdict here was for $500; plaintiff proved $218 in medical expenses, car rental of $64 and automobile repairs of $75 (a total of $357). He further testified that in his opinion the difference in market value of his car before and after the collision was $900.

Assuming without deciding that the charge was error, it was harmless here. Plaintiff may not recover for both repairs and diminished market value. If the jury chose to award for repairs, the total special damages proved were less than the verdict. If the jury chose to award for diminished value, it was not in any way bound by plaintiff's opinion evidence on the subject. *Hayes v. Carter,* 91 Ga. App. 540 (86 SE2d 532); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451 (88 SE2d 809). Similarly, the jury could make its own estimate of the value of the lost services and consortium. *Beecher v. Farley,* 104 Ga. App. 785 (123 SE2d 184).

In *Tallent,* the special damages proved were greatly in excess of the verdict ($5,000 v. $730) and the reversal was based solely

on the general grounds. In *Riggs*, there was an award of only $750 for the death of a child. Neither case controls here. See *Bell v. Camp*, 109 Ga. App. 221 (135 SE2d 914).

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
SUBMITTED FEBRUARY 3, 1971—DECIDED MAY 11, 1971.

*Roberts, Elkins & Kilpatrick, Owen G. Roberts, Jr., Samuel W. Worthington, III,* for appellant.
*Kelly, Champion & Henson, John W. Denney,* for appellee.