46309, 46310.   FRIEDMAN et al. v. SLOAN et al.
(two cases).

PER CURIAM. In an action for personal injuries, the defendants appeal from a grant of summary judgment on the issue of liability as to Count 2 of the plaintiff's petition. This count alleges that defendant drove the automobile in a negligent manner into a mailbox. The undisputed facts show that the minor defendant was the driver and the minor plaintiffs were paying passengers in a high school car pool. The defendant threw a lighted cigarette out of the side vent; it blew back and caught between her leg and dress on the seat; she took one hand off the wheel and her eyes off the road in an attempt to retrieve it; the automobile first veered off one side of the road, hitting several mailboxes; then, in an attempt to turn back on, she oversteered and hit a telephone pole on the opposite side. Just before the occurrence, she had been

driving in a manner acceptable to the passengers.

Applying the "plain, palpable and undisputable" rule, we cannot say that the undisputed facts are so clear as to leave no room for a jury to find save one way. "In some jurisdictions there are decisions declaring that the jury can be instructed that particular acts do or do not constitute negligence which will, or will not, authorize or prevent a recovery. But in this State, as a general rule, whether an act is negligent is a question for the jury; and except where a given act is forbidden, and rendered negligent per se as to the injured person, or an act is commanded and its omission rendered negligent, by a statute or valid municipal ordinance, the presiding judge should not instruct the jury what ordinary care requires to be done in a particular case. *Atlanta & W. P. R. Co. v. Hudson,* 123 Ga. 108 (51 SE 29), and cit.; *Central of Ga. R. Co. v. Cole,* 135 Ga. 72 (68 SE 804); *Atlantic C. L. R. Co v. McDonald,* 135 Ga. 635 (6), 636 (70 SE 249). Nevertheless, in some cases, the undisputed facts may be so clear as to leave no room for a jury to find save one way, and the question may become one of law and be dealt with on demurrer or motion for a nonsuit." *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753, LRA 1917A 306). As to *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294), see *Hardin v. Reynolds,* 189 Ga. 589, 591 (6 SE2d 913); *Rivers v. Cole Corp.,* 209 Ga. 406, 408 (73 SE2d 196).

The trial court erred in granting plaintiff's summary judgment on the question of liability.

*Judgment reversed. Jordan, P. J., Hall P. J., Eberhardt and Quillian, JJ., concur. Pannell, J., concurs specially. Bell, C. J., Deen, Whitman and Evans, JJ., dissent.*

ARGUED JUNE 1, 1971—DECIDED SEPTEMBER 23, 1971—
REHEARING DENIED NOVEMBER 23, 1971.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Charles E. Walker,* for appellants.

*Saul Blau,* for appellees.

PANNELL, Judge, concurring specially. The "plain, palpable and undisputable" rule followed by the majority in the cases cited no longer has application to *defendants* in a tort action in view of the decision in *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294). The rule stated in *Garrett v. Royal Bros. Co.,* is as follows: "The conduct of a defendant cannot be declared to be negligent, as matter of law, unless it has been so declared by a law-making body, and, in the absence of such a declaration the jury is the arbiter of the question of whether a defendant's conduct on a given occasion is negligent, and, if so, whether such negligence is the degree of negligence required for a recovery by a plaintiff."

In disposing of the *Garrett* case, the majority cites: "see *Hardin v. Reynolds,* 189 Ga. 589, 591(6 SE2d 913); *Rivers v. Cole,* 209 Ga. 406, 408 (73 SE2d 196)." These two cases announce and follow the rule that this court, as well as the Supreme Court of this State, are bound by older full bench decisions of the Supreme Court, which have not been overruled. The *Garrett* case had one judge dissenting. I assume, therefore, that the majority is attempting to say they refuse to follow the *Garrett* case because of this reason; however, the cases which they cite as older full bench decisions have no bearing on the question. *Atlanta & W. P. R. Co. v. Hudson,* 123 Ga. 108 (51 SE 29), and *Central of Ga. R. Co. v. Cole,* 135 Ga. 72 (68 SE 804), and *Atlantic C. L. R. Co. v. McDonald,* 135 Ga. 635, 636 (70 SE 249) hold that it is error for a trial judge to *instruct a jury* what ordinary care requires should be done in a particular case, or to instruct a jury that under certain circumstances a duty rests upon the defendant to take a certain course of action. *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753) dealt with the question of whether the negligence *of a plaintiff* barred plaintiff's recovery as a matter of law. Under these circumstances, and the decisions cited by the majority, I feel I am bound by the decision of the Supreme Court in the *Garrett* case and, upon application of the rule therein stated, concur with the judgment reached in this case.

BELL, Chief Judge, dissenting. I am of the opinion that the throwing of a lighted cigarette out of a moving automobile into the windstream is simple negligence as a matter of law and any injury or damage causally traceable to that negligence is recoverable in an action at law. Liability in this case is dependent on simple negligence.

The evidence here is conclusive on the throwing of the lighted cigarette into the windstream from a moving car and that the returning of the cigarette onto the driver of the vehicle caused the accident. The court properly granted summary judgments on the issue of liability. The summary judgment statute specifically authorizes this to be done. CPA § 56 (c) (*Code Ann.* § 81A-156 (c)). Innumerable decisions of this court and the Supreme Court, none of which have been overruled, recognize that where negligence is clear and palpable it may be held so as a matter of law. This is the situation in this case. A holding to this effect is, I think, within the ambit of the statement in *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294), as it is specifically authorized by statute—the summary judgment statute. The correctness of these views is suggested in *Buckhead Glass Co. v. Taylor,* 226 Ga. 247 (174 SE2d 568), written by Chief Justice Almand and cited by apellant.

This case does not involve *gross* negligence as did *Smith v. Glenn,* 115 Ga. App. 527 (154 SE2d 777).

I would affirm.

I am authorized to state that Judges Deen, Whitman and Evans concur in this dissent.

DEEN, Judge, dissenting. I concur with Chief Judge Bell's dissent, and for additional reasons dissent.

"If any person shall attempt to commit a crime and in such attempt shall do any act toward the commission of such crime, but shall fail in the perpetration thereof . . . he shall . . . be punished . . . " *Code* § 27-2507.

"A person . . . who wilfully litters any public road . . . with any trash . . . garbage, rubbish . . . discarded materials . . . is guilty of a misdemeanor." *Code Ann.* § 26-2612.

Therefore, in my opinion it is unlawful to litter a public road with cigarette butts. If this is true the defendant was in fact guilty of negligence as a matter of law in throwing it out, this being an attempt to litter a public road.

Under the undisputed facts defendant's negligence is not only plain, palpable and undisputable but his conduct has been so declared by a law-making body to be negligence as a matter of law, meeting the requirements of *Garrett v. Royal Bros. Co.,* 225 Georgia 533 (170 SE2d 294).

I am authorized to state that Judge Evans concurs in this dissent.