## 47361. HOLLIMON v. WALL.

DEEN, Judge. The plaintiff appeals on the general grounds from the verdict in favor of the defendant. Hollimon, the plaintiff, was a guest passenger in Wall's automobile. His minor son, Joseph Wall, was driving at night on an unpaved road at a speed estimated between 45 and 50 miles per hour and within the speed limit when he topped a hill. The road dead-ended into a narrow paved road about 75 or 100 feet beyond the top of the rise. When Joseph realized that the road ended and applied brakes the car skidded 20 feet into the intersection and to the left, piled up into a bank, injured the plaintiff and killed the defendant's son. The plaintiff testified that the last thing he remembered was that the door on his side opened as the car swerved and that Joseph grabbed hold of him. There was considerable evidence by those first examining the victims that Wall had the odor of alcohol on his breath and some evidence that "they smelled the same." The plaintiff testified he had drunk two beers, and that if the decedent had had anything at all to drink he did not know it; that he had not appeared to be intoxicated. There is, therefore, no *undisputed* evidence that any violation of law on his part contributed to the occurrence. There was also testimony that the dead-end intersection was not marked, was dangerous, and was difficult to see at night.

"The conduct of a defendant cannot be declared to be negligent, as a matter of law, unless it has been so declared by a lawmaking body, and, in the absence of such a declaration the jury is the arbiter of the question of whether a defendant's conduct on a given occasion is negligent, and, if so, whether such negligence is the degree of negligence required for a recovery by a plaintiff." *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294). The driver of the car in which the plaintiff was a guest passenger was accountable, and the defendant liable, only for gross negligence on his part. Apparently the

jury found that an absence of even slight care had not been proved. We cannot say from the evidence before us that it demands a finding of negligence per se amounting to gross negligence as a matter of law.

*Judgment affirmed. Clark, J., concurs. Eberhardt, P. J., concurs specially.*

ARGUED SEPTEMBER 13, 1972—DECIDED SEPTEMBER 25, 1972.

*Jack D. Evans,* for appellant.

*Robert E. Knox, Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellee.

EBERHARDT, Presiding Judge, concurring specially. I am in full agreement that the evidence in this case raised jury issues as to whether the defendant had been guilty of negligence, and, if so, whether it had amounted to gross negligence, and whether it was the proximate cause of plaintiff's injury (*Central of Ga. R. Co. v. Moore,* 149 Ga. 581, 583 (101 SE 688)), and those issues have been resolved by the verdict. *Austin v. Smith,* 96 Ga. App. 659, 663 (101 SE2d 169). The evidence did not demand a verdict for the plaintiff or for the defendant. *Eddleman v. Askew,* 50 Ga. App. 540 (179 SE 247); *Sammons v. Webb,* 86 Ga. App. 382, 391 (71 SE2d 832); *Norris v. Sikes,* 102 Ga. App. 609 (117 SE2d 214). Consequently I join the judgment of affirmance.

I do not agree that the law has been properly stated in *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294) by the majority of a divided court, but view it as stated in a long line of prior full bench decisions of the Supreme Court, such as *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753, LRA 1917A 306); *Bussey v. Dawson,* 224 Ga. 191 (160 SE2d 834), and as is indicated in *Dodson v. Southern R. Co.,* 55 Ga. App. 413, 419 (190 SE 392); *Bessman v. Greyhound Bus Depot,* 81 Ga. App. 428 (58 SE2d 922); *Friedman v. Sloan,* 125 Ga. App. 98 (186 SE2d 467).