### 48843. MILLER et al. v. WARD et al.

QUILLIAN, Judge. Stephen Allen Ward, through his mother, Mildred Miller, filed a claim against Sammy Carl Miller and his

father, Ronald J. Miller, for damages which arose out of an automobile collision. Subsequent thereto Mildred Miller also filed a claim against the same defendants for damages arising out of the same collision in which her son Stephen Allen Ward was injured. Ronald J. Miller filed a motion for summary judgment in the second action which was granted. Thereafter in both actions, a motion for summary judgment was granted to Stephen Allen Ward and Mildred Miller against Sammy Carl Miller as to the issue of whether Sammy Carl Miller was guilty of gross negligence. In the first action a motion for summary judgment was also granted against Ronald J. Miller, Sammy Miller's father, because he owned the automobile which Sammy Miller was driving at the time of the collision. The appellants, defendants in the trial court, appealed and the case is here for review. *Held:*

The issue to be determined is whether the granting of a motion for summary judgment on the issue of whether Sammy Carl Miller was guilty of gross negligence was error.

Stephen Ward was a guest passenger in the automobile which was being driven at the time of the collision by Sammy Miller. Dennis Miller, Sammy Miller's brother, was also a passenger in the automobile and was sitting in the front seat. There was evidence: that the automobile was being driven at a speed of approximately 45 to 55 miles per hour in heavy traffic on U. S. 29 in DeKalb County; that at that time Sammy Miller took a comb out of his pocket and was combing his hair and looking in the rear view mirror; that Sammy Miller was told to slow down but he did not do so; that the automobile in front of the one in which Miller was driving stopped and he ran the automobile he was driving into the rear of the one that had stopped; that Sammy Miller was looking in the rear view mirror at the time of the collision. There was a conflict in the evidence as to whether Sammy Miller had one hand or none on the steering wheel at the time he was combing his hair.

While the evidence would have authorized a jury verdict of gross negligence this court cannot hold that the defendant Sammy Miller's actions constituted gross negligence as a matter of law. It being a question for the jury whether the driver of the automobile was guilty of gross negligence the granting of the summary judgments for the appellees was error. *Smith v. Glenn,* 115 Ga. App. 527 (154 SE2d 777); *Hollimon v. Wall,* 127 Ga. App. 122 (192 SE2d 411); *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170

SE2d 294).
*Judgment reversed. Bell, C. J., and Clark, J., concur.*
ARGUED JANUARY 7, 1974 — DECIDED JANUARY 22, 1974.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., John F. Sacha,* for appellants.
*Victoria D. Little,* for appellees.