## 48886. SMITH v. TRI-STATE CULVERT MANUFACTURING COMPANY, INC.

Evans, Judge.

This is an appeal from a complaint brought by a wife against the defendant seeking damages for loss of consortium allegedly the result of injuries received by her husband consisting of facial injuries, principally the forehead, and a broken thumb. This is the second appeal of the present case. In the first trial the jury found for the defendant and a reversal was had on appeal by the complainant wife, in *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508 (191 SE2d 92). In the present case the jury found in favor of the complainant wife in the amount of $100 damages and she brings this appeal complaining of the amount of damages found, and enumerating error on three charges of the court, her objections to which are as follows: "The Court: Any exceptions? Attorney for Plaintiff: Your Honor, please, on behalf of plaintiff, we have the following exceptions to note. The first, in the beginning of your — of Your Honor's charge, you charged the question is what amount of damages, if any, has been sustained by the plaintiff. The Court: Yes, sir. I think I later told them they would return a verdict in some amount. Attorney for Plaintiff: Yes, sir. The second exception, Your Honor charged as I understood it that the jury was not concerned with the injuries to the husband, and the third exception, Your Honor charged fairly close to the end of the charge that the amount of damages might be nominal. Those are my three exceptions, Your Honor." *Held:*

1. The only measure for the loss of consortium is, like pain and suffering, the enlightened conscience of the

jurors. See *Hightower v. Landrum,* 109 Ga. App. 510, 516 (136 SE2d 425); *Maloy v. Dickson,* 127 Ga. App. 151, 167 (193 SE2d 19). We cannot say that the verdict is so small as to show bias and prejudice on the part of the jury, nor can we say that a judgment in that amount was not authorized. See *Beecher v. Farley,* 104 Ga. App. 785 (123 SE2d 184); *Darrah v. Womack,* 123 Ga. App. 766 (182 SE2d 518); *Maloy v. Dickson,* 127 Ga. App. 151 (2), supra.

2. The trial judge charged that the jury was not concerned with the injuries to the husband. Plaintiff excepted and enumerates error thereon. This is a suit by a wife for the loss of her husband's consortium. As was held in *Hightower v. Landrum,* 109 Ga. App. 510 (2, 4) (136 SE2d 425): "In a wife's suit to recover for the loss of her husband's consortium alleged to have resulted from injuries negligently inflicted upon him by the defendant, *the jury is concerned with the nature and extent of the husband's injuries . . .*" (Emphasis supplied.) Despite this law, the trial court charged as follows: "You are not concerned in this case with whether or not — whether the husband was or was not — I mean, how much the husband was or was not injured or damaged in the case." The wife was directly and positively concerned with whether her husband was injured and how much he was injured and the above charge was erroneous. That was the whole gist of her case.

It has been suggested that the plaintiff's lawyer may not have excepted sufficiently at the conclusion of the charge of the court. Counsel for the plaintiff stated to the court, in his exceptions to the court's charge, that he had certain exceptions to make to the court's charge, and then specifically stated: "Yes sir. The second exception, Your Honor charged as I understood it that the jury was not concerned with the injuries to the husband . . ." It is no longer a requirement that counsel must point out what the court *should have charged.* See *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 174 (4 b) (186 SE2d 566), which states that, "no particular formality is imposed on his manner of doing so." Counsel plainly excepted to the court's charging "that the jury was not concerned with the injuries of the husband." In other words, he advised the court that *this should not have been included in, but*

*should have been omitted from the charge.* What further objection could he have made? It was error for the court to have charged as was done here.

3. The trial judge charged that the amount of damages might be nominal. Plaintiff excepted and enumerates error thereon, and contends that the language charged intimated to the jury that the amount of damages should be *nominal.* This charge — the part to which exception is taken — is not subject to the complaint that it suggested how much or how little to award the wife, especially as the trial court instructed the jury that the amount of the verdict would depend upon "the evidence presented and will be in accordance to your enlightened consciences as impartial jurors." There was no error in that portion of the charge to which exception is taken here.

4. For the reason stated in Division 2, a new trial will be necessary.

*Judgment reversed. Bell, C. J., Eberhardt, P. J., Deen, Quillian, Clark, Stolz and Webb, JJ., concur. Pannell, P. J., dissents.*

ARGUED JANUARY 11, 1974 — DECIDED APRIL 17, 1974 — REHEARING DENIED MAY 20, 1974 —

*Guy B. Scott, Jr.,* for appellant.

*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellee.

PANNELL, Presiding Judge, dissenting.

I dissent from the reversal of the case based on the exceptions to the charge in Ground 2 of the majority opinion for two reasons: (1) The objections to the charge were not sufficient to raise a question for this court to consider; and, (2) The charge as given, when considered in connection with the remainder of the charge, was harmless error.

1. The objections to the charge were not sufficient to comply with Section 17(a) of the Appellate Practice Act (Ga. L. 1965, pp. 18, 31, as amended; Code Ann. § 70-207); *Royal Frozen Foods Co. v. Garrett,* 119 Ga. App. 424, 427

(167 SE2d 400); *City of Macon v. Smith,* 117 Ga. App. 363, 377 (160 SE2d 622); *Black v. Aultman,* 120 Ga. App. 826, 828 (172 SE2d 336); *Fidelity-Phoenix Fire Ins. Co. v. Mauldin,* 123 Ga. App. 108, 111 (179 SE2d 525); *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 174 (4b) (186 SE2d 566); *Bailey v. Todd,* 126 Ga. App. 731, 732 (2) (191 SE2d 547). These objections, at most, merely identified the charge but stated no ground of objection as required by the statute. They, therefore, present nothing for review.

In order to reach a decision on the charges in the absence of a ground of objection, the majority go through the old fashioned tongue and cheek maneuver of "knocking down a straw man" by blandly holding that the law no longer requires that counsel must point out *what the court should have charged,* citing as authority, *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 174 (4b), supra, which (on p. 183) overruled the requirement of *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393) that "The grounds of error urged must fully apprise the court of the error committed and the correction needed to cure the error . . ." What the majority overlooked is that the *A-1 Bonding Service* case expressly ruled that *the ground of objection* to a charge must still be stated in accordance with the decisions above cited. The appellant merely *identified* the charge and stated nothing further. The majority construe this as an objection to a charge on the subject matter, whereas, it could just as easily be construed as an objection to the manner in which the subject matter was charged. The majority confuse the lack of particularity required in an enumeration of error with the requirement of the statute, that one objecting to a charge must state "distinctly the matter to which he objects and the grounds of his objection." Ga. L. 1968, pp. 1072, 1078 (Code Ann. § 70-207).

2. During the testimony of the husband, where much emphasis was put on the cosmetic nature of his injuries, the court warned the jury with this instruction: "I want to inform the jury, however, they are not involved with any injuries that may have been sustained by this witness here, the only person who may recover in this

case at all is the wife." At the conclusion of the argument, the trial judge charged the jury: "It is admitted that the Plaintiff's husband was injured and damaged in a collision between an automobile in which he was riding and a truck operated by the Defendant, Tri-State Culvert Manufacturing Company, Incorporated. The only issue then that is left for you to determine in this case is what amount of damages, if any, has been sustained by the plaintiff in this case by the loss of consortium with her husband." He then charged the jury on consortium and that the wife was seeking damages for loss of consortium. He then gave the charge complained of: "I instruct you that that is the only item of damages which she seeks to recover in this case. You are not concerned in this case with whether or not — whether the husband was or was not — I mean, how much the husband was or was not injured or damaged in the case. He cannot recover from you anything in this particular case." It was clear from this charge that the trial judge was not instructing the jury to disregard the injuries to the husband, insofar as these injuries affected loss of consortium to the wife, but only insofar as those injuries related to a claim of monetary damages by the husband himself. In my opinion, the jury could not have possibly been misled by this charge when considered as a whole and in connection with the remainder of the charge.

I would affirm for the reasons given above.